**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ZUMAR DUBOSE,** | : | |
| **KARIEM DUBOSE,** | : | |
| **ABDUSH DUBOSE,** | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 23-CV-4895** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant.** | : | |

**<u>MEMORANDUM</u>**

**PADOVA, J.**                                             **FEBRUARY 12, 2024**

Zumar DuBose, Kariem, DuBose, and Abdush DuBose, all convicted prisoners currently housed at FDC Philadelphia, filed this civil action against the United States of America listing all three of their names as Plaintiffs.  However, the Complaint contains allegations relating only to Abdush DuBose and only Abdush DuBose signed the pleading.  While filed in this Court, the Complaint is captioned for the United States Court of Federal Claims.  In a prior Order filed on December 18, 2023, Zumar DuBose and Kariem DuBose were directed to sign the Complaint and either pay the filing fee for the case or seek leave to proceed *in forma pauperis*.  Abdush, who did sign the Complaint, was directed to pay the filing fee or seek leave to proceed *in forma pauperis*.  (*See* ECF No. 3.)  Only Abdush has complied with the prior Order.  Accordingly, any claims brought by Zumar DuBose and Kariem DuBose will be dismissed without prejudice for failure to prosecute.  For the following reasons, Abdush DuBose's Complaint will be transferred to the United States Court of Federal Claims pursuant to 28 U.S.C. § 1404.

I.      **FACTUAL ALLEGATIONS**[1]

DuBose's Complaint is brief.  He cites 28 U.S.C. § 1495, the jurisdictional statute for the

Court of Federal Claims, as a basis for jurisdiction.  (Compl. at 1.)  He also cites a statute, 28

U.S.C. § 2513, creating a claim that may be heard in the United States Court of Federal Claims,

asserting he was unjustly convicted and imprisoned, for which he seeks $1.8 million in damages.

His cause of action under § 2513 is based on his acquittal of certain charges in *United States v.*

*DuBose*, Crim. No. 20-453 (E.D. Pa.).  (Compl. at 2.)  DuBose also attaches an affidavit to his

Complaint asserting that he was innocent of the acquitted charges brought by the Government.

(*Id.* at 3-5.)

A review of this Court's docket reveals that Abdush Shakur DuBose was charged along

with his brothers Zumar Hamid DuBose and Kariem Baseer DuBose, in a superseding indictment

returned on August 26, 2021 with numerous counts of mail fraud, wire fraud, and conspiracy to

commit money laundering.  *United States v. DuBose*, Crim. No. 20-453 (ECF No. 79).[2]  A jury

---

[1] The facts set forth in this Memorandum are taken from DuBose's Complaint (ECF No. 1).  The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

[2] The Court may consider matters of public record when conducting a screening under § 1915.  *Castro-Mota v. Smithson*, No. 20-940, 2020 WL 3104775, at *1 n.3 (E.D. Pa. June 11, 2020) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)); *Harris v. U.S. Marshal Serv.*, No. 10-328, 2011 WL 3607833, at *2 (W.D. Pa. Apr. 6, 2011), report and recommendation adopted as modified, 2011 WL 3625136 (W.D. Pa. Aug. 15, 2011) ("In addition to the complaint, courts may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case in disposing of a motion to dismiss under Rule 12(b)(6), and hence, under the screening provisions of the PLRA.") (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994) (add'l citations omitted).  The Court may also take judicial notice of prior court proceedings. *See In re Ellerbe*, No. 21-3003, 2022 WL 444261, at *1 (3d Cir. Feb. 14, 2022) (*per curiam*) (citing *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that court may take judicial notice of the record from previous court proceedings)).

returned a verdict on May 4, 2023 finding Abdush Shakur DuBose guilty on Counts 1-8, 11, 12, 13, and 17 of the superseding indictment, but acquitting him on Counts 9, 10, 14, and 15.[3]  *Id.* (ECF No. 254.)  His brothers were found guilty on all counts lodged against them.  *Id.* Sentencing remains pending.

## II.    VENUE

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  *See Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020) (noting that a district court may transfer a case pursuant to a party's request or *sua sponte*) (citing 28 U.S.C. §§ 1404, 1406) (add'l citations omitted); *Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167, 171 (3d Cir. 2011) (recognizing *sua sponte* transfer pursuant to § 1404(a)); *see also Bent Glass Design v. Scienstry, Inc.*, No. 13-4282, 2014 WL 550548, at *6 (E.D. Pa. Feb. 12, 2014) (noting that "a district court may upon motion or *sua sponte* dismiss or transfer a civil action to any other district in the interest of justice and/or for the convenience of parties and witnesses") (citations omitted); *Schott v. Doe*, No. 05-1730, 2007 WL 539645, at *1 (W.D. Pa. Feb. 15, 2007) (transferring case *sua sponte* pursuant to § 1404(a)) (citing *Robinson v. Town of Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation.")); *Bank Express Int'l v. Kang*, 265 F. Supp. 2d 497, 507 n.12 (E.D. Pa. 2003) (transferring venue under § 1404(a) *sua sponte*).  The court has broad discretion in making determinations under § 1404(a), and convenience and fairness are considered on a case-by-case basis.  *Bent Glass Design*, 2014 WL 550548, at *7.

---

[3] Abdush Shakur DuBose was not charged in Count 16 of the superseding indictment.

"When deciding . . . whether to transfer venue under § 1404(a), a court should not limit itself solely to the factors enumerated in § 1404(a), but should consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer." *Baez v. Prison Health Servs., Inc.*, No. 06-4923, 2009 WL 2776535, at *3 (E.D. Pa. Aug. 27, 2009) (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3rd Cir. 1995)). In *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, the United States Court of Appeals for the Third Circuit provided "a non-exhaustive set of factors guiding a decision on whether to transfer; these factors relate to the 'private interest' of the parties and witnesses, and the 'public interest' of the courts and the administration of justice." *Id.* The *Jumara* factors include the parties' forum preferences, where the claims arose, the convenience of the parties relative to their physical and financial condition, the convenience of witnesses to the extent they may be unavailable in one of the fora, the location of the books and records, the enforceability of the judgment, the relative administrative difficulties in the two fora, the local interest of deciding local controversies at home, the public polices of the fora, and the familiarity of the trial judge with the applicable state law in diversity cases. *See Jumara*, 55 F. 3d at 879-80 (citations omitted).

Because it appears that DuBose intended to file his Complaint in the United States Court of Federal Claims by virtue of the caption he placed on the Complaint and his citation to the jurisdictional statute for that Court, the case will be transferred to the United States Court of

Federal Claims.  An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.
_____
John R. Padova, J.